IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ERIC BLOUNT, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-08-38 |
| | : | |
| UNITED STATES PAROLE | : | |
| COMMISSION, ET AL., | : | (Judge McClure) |
| | : | |
| Respondents | : | |

**MEMORANDUM**

September 30, 2008

**Background**

Charles Eric Blount ("Petitioner"), an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania ("USP-Canaan"), filed this *pro se* petition for writ of habeas corpus. Named as Respondents are the United States Parole Commission ("Parole Commission") and USP-Canaan Warden Ronnie Holt.[1]  Service of the petition was previously ordered.

According to the Petition, Blount was sentenced on May 3, 2002 to a three (3) year term of incarceration followed by a three (3) year term of supervised release by the District of Columbia Superior Court.  After being released from a

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, Warden Holt.  *See* 28 U.S.C. § 2242

halfway house on December 3, 2005, Petitioner began service of his term of supervised release. *See* Record document no. 1, ¶ 2. On September 5, 2007, the Parole Commission issued a warrant charging Blount with violating the conditions of his supervised release.

After executing an advanced consent to expedited revocation, Petitioner's supervised release was revoked by the Parole Commission and he was ordered to serve an eight (8) month term of imprisonment from September 20, 2007. He was also given a new twenty-eight (28) month term of supervised release. *See id.* at ¶ 3. Blount's present Petition relying on *United States v. Holmes*, 954 F.2d 270, 272 (5th Cir. 1992) and *United States v. Koehler*, 973 F.2d 132, 133 (2nd Cir. 1992), attacks the legality of the Parole Commission's decision to impose a new "post revocation term of supervised release." *Id.* at ¶ 4. Based upon those decisions, Petitioner concludes that a new sentence of supervised release cannot be imposed following a revocation of supervised release.

Respondents contend that Blount is not entitled to federal habeas corpus relief because the Parole Commission has authority to reimpose a period of supervision following revocation of supervised release. *See* Record document no. 6, p. 4. They add that the decisions cited by Petitioner were overruled by the United States Supreme Court's holding in *Johnson v. United States*, 529 U.S. 694 (2000).

**Discussion**

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). It has been routinely recognized that a federal court's review of a decision issued by the Parole Commission is limited to an abuse of discretion standard. A federal district court needs only to consider whether the record provides a rational basis for the Parole Commission's ruling. *Gambino v. Morris*, 134 F.3d 156, 160 (3d Cir. 1998). It must ensure that the Parole Commission has followed appropriate criteria and that its "decisions are neither arbitrary and capricious nor based on impermissible considerations." *Id*. (citation omitted).

Petitioner correctly notes that the Second Circuit Court of Appeals in *Koehler* and the Fifth Circuit Court of Appeals in *Holmes* as well as other federal Courts of Appeals similarly held that a district court was not authorized to impose a new term of supervised release following revocation and reimprisonment. However, during that same time period other Circuit Courts reached a contrary conclusion, holding that district courts did have such power. *See United States v. O'Neill*, 11 F.3d 292 (1st Cir. 1993).

These conflicting circuit court decisions were addressed by the Supreme Court in *Johnson.* In overturning the holdings announced in *Koehler* and *Holmes*,

3

the Court in *Johnson* found that district courts had the power to revoke supervised release, send the violator back to prison, and impose an additional period of supervised release to follow that term of incarceration. *See United States v. Washington* 145 Fed. Appx. 791, 793 (3d Cir. 2005). Based upon the decision announced in *Johnson*, Petitioner's reliance upon *Koehler* and *Holmes* is misplaced.

During 1994, Congress enacted 18 U.S.C. § 3583(h), which provides that "when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."[2]

It is undisputed that Petitioner's original sentence was imposed by the District of Columbia Superior Court on May 3, 2002, well afer the effective date of § 3583(h).[3] Hence, the present case does not involve a retroactive application of § 3583(h) which would be prohibited under the Ex Post Facto Clause. Second, "[w]hen a court revokes supervised release and imposes a term of imprisonment, it may also reimpose a term of supervised release" under § 3583(h). *United States v.*

---

[2] However, the term of supervised release cannot exceed the period authorized by statute for the offense that resulted in the original term of supervised release.

[3] § 3583(h) went into effect on September 13, 1994. *See Johnson*, 529 U.S. at 702, n. 4. Johnson's original sentence was imposed prior to the enactment of § 3583(h). However, Johnson's violations of the conditions of his supervised release occurred after the statute's effective date.

*Fonteneau*, 277 Fed. Appx. 293, 294 (4th Cir. 2008). It has been similarly held that under § 3583(h) a revocation sentence which includes both a term of imprisonment followed by a term of supervised release may be imposed provided that both the prison term and supervised release term are within the applicable statutory maximums. *United States v. Deverell*, 2008 WL 2404708 *1 (8th Cir. 2008). Furthermore, all of the decisions cited above and §3583(h) regard sentencing by district courts. However, in Blount's case, it was the Parole Commission and not a federal district court which reimposed the term of supervised release which is challenged herein. Based upon the above discussion, Petitioner is not entitled to relief under *Koehler* and *Holmes*.

Pursuant to the provisions of National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), the Parole Commission was given broad responsibilities for District of Columbia offenders such as Blount. 28 C.F.R. § 2.21(a)(2) grants the Parole Commission the ability to revoke a D.C. offender's term of supervised release and impose a new term of imprisonment. *See also Kier v. Killian*, 2008 WL 3457000*3-4 (S.D.N.Y. Aug. 11, 2008). More importantly, § 2.219(b) confers authority upon the Parole Commission when revoking a term of supervised release to also impose a further term of supervised release after imprisonment if it imposes less than the maximum permissible term of imprisonment. In the present case, there is no claim by Blount

that an excessive or otherwise impermissible term of supervised release was imposed.[4]  Rather, Petitioner's sole argument is that the parole Commission lacked any authority to impose a new term of supervised release.   Since the Parole Commission clearly had discretion under § 2.219(b)  to impose a further term of supervised release, there is no basis for federal habeas corpus relief.

In conclusion, Petitioner's argument of entitlement to federal habeas corpus relief is premised upon decisions which have been overruled.  Furthermore, the imposition of a new term of supervised release by the Parole Commission is allowable under § 2.219(b).  Since there is no claim that the new term of supervised release is excessive, Petitioner has not shown entitlement to federal habeas corpus relief.  An appropriate Order will enter.

   s/   James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

[4]  It appears that the new twenty-eight (28) month term of supervised release imposed by the Parole Commission was within statutory limits.  *See* 28 C.F.R. § 2.219(b)(2)(ii)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ERIC BLOUNT, :
:
    Petitioner :
:
   v. : CIVIL NO. 4:CV-08-38
:
UNITED STATES PAROLE :
COMMISSION, ET AL., : (Judge McClure)
:
    Respondents :

## **ORDER**

September 30, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is denied.

2. The Clerk of Court is directed to close the case.

3. Based upon the Court's determination there is no basis for the issuance of a certificate of appealability

          s/ James F. McClure, Jr.
          JAMES F. McCLURE, JR.
          United States District Judge